The document below is hereby signed.

Signed: April 8, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PAUL RICHARD NEWTON, | ) | Case No. 10-00792 |
| | ) | (Chapter 7) |
| Debtor. | ) | For publication in West's |
| | ) | Bankruptcy Reporter. |

<u>MEMORANDUM DECISION RE MOTION TO REOPEN CASE AND VACATE DISCHARGE</u>

The court will reopen this case but deny the debtor's request to obtain an order vacating his discharge.

I

The debtor filed a voluntary petition commencing this case on August 10, 2010. His schedules reflected that he:

- owned two real properties, both of which were worth far less than the amount of mortgage debts against them;

- was leasing a car pursuant to which he owed $3,003.54;

- owed tax debts to the District of Columbia and the United States; and

- owed a student loan of $43,087.65.

The debtor received a discharge on December 2, 2010. The chapter 7 trustee filed a report of no distribution, and the case was closed on February 14, 2011, with no distribution being made to creditors.

On April 3, 2013, the debtor filed his motion to reopen this case to obtain an order vacating his discharge. The motion states in relevant part:

> 5. Debtor's main reason for filing his bankruptcy was to obtain relief from his tax debt. Debtor believed that his tax debt was indeed discharged in the Chapter 7 case.
> 6. The Internal Revenue Service ("IRS") recently notified Debtor that his 2004 and 2005 tax debts were not discharged in his 2010 bankruptcy due to a technicality.
> 7. In the normal course of a Chapter 7 bankruptcy, Debtor's 2004 and 2005 taxes, which were timely filed, would have been discharged in the bankruptcy.
> 8. In Debtor's efforts to mitigate his tax debt and avoid filing for bankruptcy, Debtor retained the services of various tax relief companies. Unbeknownst to the Debtor, his efforts resulted in an extension of the rules set forth in 11 U.S [sic] 523(a) and 11 U.S.C. Section 507(a)(8)(A)(ii); 507(a)(8)(G), preventing him from being discharged.
> 9. Had Debtor been aware that his tax debt was not dischargeable, he would not have filed for bankruptcy.
> 10. Allowing the Debtor to vacate his Chapter 7 discharge will not result in an abuse of the bankruptcy system or prejudice his creditors.

If the discharge remains in place, the debtor will be barred from receiving a discharge in a new chapter 7 case for eight years after he commenced this case. 11 U.S.C. § 727(a)(8). In the meantime, the tax liabilities will likely become of a dischargeable character well before the end of that eight-year period. I will reopen the case to consider the debtor's request

2

to vacate the discharge, but on the merits I will deny that request.

                                II

A bankruptcy court has the authority under Fed. R. Civ. P. 60(b) to vacate a discharge when the discharge order was mistakenly entered in contravention of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or an order extending the deadline before which a discharge could be issued. *See, e.g., Disch v. Rasmussen*, 417 F.3d 769, 779 (7th Cir. 2005); *Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462, 1466 (9th Cir. 1993). The debtor's motion does not present that type of case. The discharge was not entered in error.

Although 11 U.S.C. § 727(d) permits a discharge to be revoked on certain grounds, a debtor lacks standing to seek revocation of discharge under § 727(d). *Markovich v. Samson (In re Markovich)*, 207 B.R. 909, 911 (B.A.P. 9th Cir. 1997). *Accord*, *In re Gomez*, 456 B.R. 574 (Bankr. M.D. Fla. 2011); *In re Williams*, 2012 WL 843210, at *2 (Bankr. D.D.C. Mar. 12, 2012).

Moreover, a court lacks authority to vacate the discharge pursuant to Fed. R. Civ. P. 60(b) in order for a debtor to attempt to obtain approval of a waiver of the entry of a discharge. A debtor must seek approval of a waiver before the court proceeds to enter a discharge. As stated in *Grabowski v. Americredit (In re Grabowski)*, 462 B.R. 534, 538 (Bankr. W.D. Pa.

2011):

> the very structure of Section 727(a)(10) makes clear that the proposed "waiver" of a discharge is forward-looking and must be presented to the Court before a discharge has been granted. ("The court shall grant the debtor a discharge, unless—the court approves a written waiver of discharge executed by the debtor after the order of relief under this chapter.") Thus, "[w]hile no deadline has been expressly stated by the Code or Rules, the vesting of rights following the entry of discharge is a circumstance which Debtor could reasonably anticipate and which will be deemed to preclude the exercise of Debtor's right to waiver of [sic] the discharge." *In re Bailey*, 220 B.R. 706, 710 (Bankr. M.D. Ga. 1998).

Once the discharge has been entered, it is too late for the debtor to seek approval of a waiver of the discharge. Requests after discharge to vacate the discharge and to then waive the entry of a discharge so that a new case can be later filed when tax claims have become dischargeable has been rejected on this basis by at least two decisions. *See In re Nader*, 1998 WL 767459 (Bankr. E.D. Pa. Oct. 30, 1998); *In re Bailey*, 220 B.R. 706

(Bankr. M.D. Ga. 1998).[1]  There are decisions opining that a debtor may still waive a discharge once a discharge has been entered.  *See, e.g., In re Starling*, 359 B.R. 901 (Bankr. N.D. Ill. 2007); *In re Magundayao*, 313 B.R. 175, 179 n.6 (Bankr. S.D.N.Y. 2004) ("If the Code permits the debtor to refuse to accept his discharge, it should also allow him to give it back." (dicta)); *In re Jones*, 111 B.R. 674, 680 (Bankr. E.D. Tenn. 1990).  These decisions, however, fail to address the point that § 727(a) contemplates that approval of a waiver of a discharge must be sought before a discharge is entered.

Congressional intent would be frustrated by allowing a debtor to obtain a vacating of the discharge.  A discharge carries consequences of finality for the debtor-creditor

---

[1] Another decision, *McDaniel v. United States (In re McDaniel)*, 350 B.R. 616 (Bankr. M.D. Fla. 2006), *aff'd sub nom. United States v. McDaniel (In re McDaniel)*, 363 B.R. 239 (M.D. Fla. 2007), dismissed a case and vacated the discharge when the debtor had mistakenly thought that his tax debts would be dischargeable, but the parties and the court appear to have assumed that upon dismissal of the case a discharge is automatically to be vacated.  A dismissal of a case, however, does not result in the discharge being vacated pursuant to 11 U.S.C. § 349 (dealing with effect of dismissal).  *See, e.g., Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich)*, 229 B.R. 777, 780 (B.A.P. 9th Cir. 1999). ("[T]he omission of an order from the list in § 349(b) ordinarily means that dismissal does not affect the omitted order. . . . We conclude that the dismissal order, without more, did not automatically revoke the debtors' discharges."); *In re Russo*, 2008 WL 5412106, at *5 (Bankr. E.D. Pa. Oct. 20, 2008).  The court in *McDaniel* neglected to address whether it was too late to seek a waiver of discharge once the discharge order had been entered.

5

relationship (such as being a bar to obtaining a discharge in a new case filed within a specified statutory period of time later). The debtor's present and future creditors are entitled to certainty regarding whether those consequences are in place, a certainty achieved by the requirement that if a debtor is going to waive her discharge, she must seek approval of such a waiver before a discharge is entered. As stated in *In re Gomez*, 456 B.R. at 577:

> The discharge injunction is permanent; it forever enjoins a debtor's creditors from pursuing the debtor for discharged debts. Debtors and their creditors rely upon the permanency of the discharge and the discharge injunction. Aurora received a Chapter 7 discharge more than two years ago and has enjoyed the benefits of the discharge and the discharge injunction. Her creditors have relied upon the permanency of her discharge and the discharge injunction.

A debtor ought not be allowed to reap the advantages of a discharge and to later obtain a vacating of the discharge when she realizes the discharge has adverse consequences as well. *See In re Gomez*, 456 B.R. at 577 (debtor not allowed to obtain vacating of chapter 7 discharge in order to undo the bar of 11 U.S.C. § 1328(f) against obtaining a discharge in a later chapter 13 case filed within four years of the filing of the chapter 7

case).[2]

Similarly, allowing a debtor to obtain a vacating of a discharge can lead to other consequences that are contrary to congressional intent. Sometimes a debtor seeks to vacate a discharge, with the discharge to be entered anew later, so that the debtor can enter into a reaffirmation agreement even though she was required under 11 U.S.C. § 524(c)(1) to enter into such an agreement *before* a discharge was entered. As this court concluded in *In re Williams*, *supra*, it is inappropriate to defeat congressional intent and circumvent that requirement by vacating the discharge.

---

[2] This case illustrates ways in which a vacating of the discharge is inimical to the goals served by finality:

- Here, there were likely dischargeable debts owed by the debtor for tax penalties and mortgage deficiency claims. The holders of such claims have been barred by the discharge injunction of 11 U.S.C. § 524(a) for more than two years from pursuing those claims and executing on any wages of the debtor or other assets of the debtor acquired in those two years.

- Not only creditors who held claims in the case but entities who hold claims arising after the commencement of the case could be prejudiced. Such entities may have extended credit in reliance upon the eight-year bar against the debtor obtaining a new chapter 7 discharge.

If it was to the debtor's advantage to waive the discharge in order to file a later case at a time that his tax claims *would* be dischargeable, he ought to have sought approval to waive the discharge before it was entered.

III

For all of these reasons, although the case will be reopened to permit the court to consider the request to vacate the discharge, that latter request must be denied, and the clerk will be directed to close the case anew upon the expiration of the time for an appeal of this order if no appeal is taken, and upon the disposition of any appeal if a timely appeal is pursued. An order follows.[3]

[Signed and dated above.]

Copies to: Recipients of e-notification of orders; Tax Division, U.S. Department of Justice, Washington, DC 20530.

---

[3] Because this court lacks authority to vacate the discharge, it is unnecessary to hold a hearing to address the debtor's contention that no creditors would be prejudiced by the vacating of the discharge.

8